IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| PAULUS IRVIN PERKINS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-295 (RDA/WEF) |
| | ) | |
| GREGORY HOLLOWAY, *et al.*, | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to review a civil action filed by Virginia inmate Paulus Irvin Perkins ("Perkins" or "Plaintiff") pursuant to 42 U.S.C. § 1983, alleging his constitutional rights have been violated. Dkt. No. 1. The complaint is 239 pages long, contains eight claims, and names 27 defendants.[1]

---

[1] Perkins failed to include two pages in his complaint and filed a motion to include the two pages. Dkt. No. 9 (pages 43, 87). The motion to submit the missing pages will be granted. Because there were two pages missing when the complaint was filed, the ECF numbering is different than the handwritten numbers on the 237 pages of the complaint.

In the complaint, there are four persons Perkins lists within the portion of his claims he labels "Against," whom he has not named as defendants. The four persons are: A. Gonzales, L. Canterbury, Lisa Hernandez, and Robert H. Bivens. Dkt. No. 1 at 138, 162, 193, 214, 218, 226, 232. The 27 named defendants are: Gregory Holloway, Regional Administrator, Virginia Department of Corrections ("VDOC"), Western Region; Carl Manis, Regional Administrator, VDOC, Western Region; Leslie Fleming, Regional Director, VDOC, Eastern Region; C.L. Parr, Regional Ombudsman, Western Region; David A. Newcomer, Warden, Augusta Correctional Center ("ACC"); S.L. Burgandine, Corrections Officer, ACC; T. Back, Assistant Warden, ACC; B. Arnold, Corrections Officer, ACC; S. Bates, Corrections Officer, ACC; Kimora Simmons, Unit Manager, ACC; C.D. Nikstaitis, Corrections Officer, ACC; Luke Hartman, Teacher, DCE at ACC; A. Holmes, Principal, ACC; L. Cunningham-Casteel, Librarian, ACC; A. Ferguson, Corrections Officer, ACC; Sarah Conner, Mailroom Supervisor, ACC; J. Chittum, Institutional Ombudsman, ACC, Western Region; Lynn Graham, Operations Manager, ACC; D.B. Joyce, Corrections Officer, VDOC; J.C. Higgins, Corrections Officer, VDOC; D.L. Landry, Corrections Officer, VDOC; A.W. Pleasants, Hearings Officer, ACC; Thomas Meyer, Regional Administrator, VDOC, Western Region; D. Hudson, Regional Ombudsman, VDOC, Eastern Region; C. Sherrill,

The eight claims as stated by Perkins are:

1) "Title VI § 601 of the Civil Rights Act of 1964, 342 U.S.C. § 2000(d) et seq. as enforced by 42 U.S.C. § 1983." *Id.* at 134.

2) "Contract/Retaliation 42 U.S.C. § 1981/§ 101 Civil Rights Acts of 1991." *Id.* at 138.

3) "Free Speech Violation/Retaliation: First Amendment U.S. Const. enforced by 42 U.S.C. § 1983." *Id.* at 162.

4) "Due Process Violation U.S. Const. Amend. XIV as enforced by 42 U.S.C. § 1983." *Id.* at 193.

5) "Violation of 5 U.S.C. [Freedom of Information Act] enforced by 42 U.S.C. § 1983." *Id.* at 214.

6) "Equal Protection Violation U.S. Const. AMEND. XIV as enforced by 42 U.S.C. § 1983." *Id.* at 218.

7) "Violation of Va. Statute 18.2-500 [Deliberate and Tortious Interference of Contracts] as enforced by 42 U.S.C. § 1983." *Id.* at 226.

8) "Violation of Va. Statute 8.01-195.3 [Va. Torts Claim Act] as enforced by 42 U.S.C. § 1983." *Id.* at 232.

## I. VENUE AND SEVERANCE

The majority of the factual allegations in the complaint concern conduct that occurred while Perkins was detained at the Augusta Correctional Center ("ACC") in the Western District of Virginia. Perkins was transferred from ACC to the Sussex I State Prison ("Sussex I"), in the Eastern District of Virginia, on November 29, 2023. *Id.* at 126.[2] Because the allegations in the complaint overwhelmingly involve conduct that occurred in the Western District of Virginia, it is apparent that this Court is not the proper venue to resolve those allegations and the related claims. Moreover, it is apparent after reviewing the complaint that the allegations against the Sussex I

---

Grievance Coordinator, Sussex I State Prison ("Sussex I"); K. Paderick, Regional Ombudsman, VDOC, Western Region; Donnell Watkins, Business Office Manager, Sussex I. *Id.* at 9-18.

[2] Claims 1, 3, and 4 do not involve any of the named Sussex I defendants.

defendants in the Eastern District do not state a claim upon which relief can be granted against them.

The Court has the power to consider, *sua sponte*, transferring venue and severing a portion of the complaint, which is warranted in this case. "[C]ourts may sever claims for the purpose of permitting transfer where the administration of justice would be materially advanced by severance and transfer." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 26 (S.D.N.Y. 2016) (citing *Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968)) (cleaned up); *see Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may *sua sponte* cure . . . venue defects by transferring a suit under . . . 28 U.S.C. § 1406(a) . . . when it is in the interests of justice."); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (same).[3] Accordingly, as the bulk of the complaint concerns conduct in the Western District, the claims concerning the Western District will be severed and transferred to the Western District.

## II. CLAIM ANALYSIS

The discussion herein is limited to identifying those portions of the complaint that concern the Western District and those portions of the complaint related to the four named defendants in the Eastern District at Sussex I who will be severed.[4]

---

[3] A court may, on its own, sever any claim against a party. Fed. R. Civ. P. 21; *see 17th Street Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 598 n.9 (E.D. Va. 2005) ("[A] court has virtually unfettered discretion in determining whether or not severance is appropriate." (quoting *Grigsby v. Kane*, 250 F. Supp.2d 453, 456 (M.D. Pa. 2003)) (citing *Carbon Fuel Co. v. USX Corp.*, 867 F. Supp. 414, 419 (S.D. W. Va. 1994))).

[4] Although Perkins has not stated a viable claim against the Eastern District defendants, because he is a prisoner, the Court will sever those defendants and grant Perkins leave to file an amended complaint in this Court limited to the four Eastern District Sussex I defendants: Flemming, Sherrill, Watkins and Hudson. While the complaint lists Leslie Fleming, Regional Director, VDOC, Eastern Region, as a named defendant, Dkt. No. 1 at 10, Perkins does not reference Flemming in the body of the complaint.

In Claim 1, Perkins alleges that in 2022 and 2023, while he was incarcerated at ACC, Defendants Holmes, Hartman and Cunningham-Casteel failed to provide him with information about federally funded educational resources. The allegations concern conduct that occurred in the Western District.

In Claim 2, Perkins alleges Defendants Cunningham-Casteel, Holmes, Hartman, Newcomer, Pleasants, Back, Nikstaitis, Simmons, Ferguson, Burgandine, Manis, Joyce, Higgins, Landry, Arnold, Bates, Paderick, and Watkins violated his rights with respect to a tuition contract.[5] The conduct at issue occurred at ACC, in the Western District. Although Watkins, who is at Sussex I in the Eastern District, is named as a defendant in this claim, Perkins has made no allegations against Watkins. *See De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010) (a named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of the plaintiff's constitutional rights for the action to proceed against that defendant); *see also Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury). Thus, Defendant Watkins will be dismissed from Claim 2 because Perkins has failed to state a claim against him. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." (citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a ''frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this

---

[5] Perkins also alleges an unnamed defendant, Gonzales, violated his rights.

statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000))); *Muka v. Murphy*, 358 F. App'x 239, 241 (2d Cir. 2009) ("A district court's ability *sua sponte* to dismiss a complaint that lacks a basis in law or fact is well-established.").

In Claim 3, Perkins alleges Defendants Newcomer, Manis, Graham, Parr, Simmons, Nikstaitis, Ferguson, Arnold, Bates, Burgandine, Joyce, Pleasants, Holloway, Paderick, Meyer, Landry, Higgins, Conner, Hartman, Cunningham-Casteel, Holmes, and Back violated his rights by retaliating against him for filing grievances. The allegations concern conduct that occurred in the Western District.[6]

In Claim 4, Perkins alleges Defendants Cunningham-Casteel, Holmes, Hartman, Newcomer, Pleasants, Back, Nikstaitis, Simmons, Ferguson, Manis, Burgandine, Joyce, Landry, Arnold, Bates, Paderick, Higgins, Holloway, and Parr violated his due process rights with respect to disciplinary hearings held at ACC, which were brought as retaliation against him for filing grievances.[7] The allegations concern conduct that occurred in the Western District.

In Claim 5, Perkins alleges Defendants Conner, Newcomer, Back, Meyer, Sherrill, and Hudson violated his rights by interfering with his right to send FOIA requests to an attorney at the U.S. Department of Education.[8] With respect to Hudson and Sherrill, Eastern District defendants, Perkins was transferred to Sussex I on November 29, 2023. *Id.* at 126. The complaint alleges that on February 25, 2024, Perkins sent a FOIA request, certified mail, to an attorney at the U.S.

---

[6] Perkins also alleges four unnamed defendants (Canterbury, Gonzalez, Hernandez, and Bivens) violated his rights.

[7] Perkins also alleges two unnamed defendants (Gonzalez and Bivens) violated his rights.

[8] Perkins also alleges an unnamed defendant, Canterbury, violated his rights.

5

Department of Education, and that piece of mail was returned to Sussex I's mailroom on March 24, 2024. *Id.* at 129. The returned mail was allegedly marked "Return to Sender," and "No Mail Receptacle/Unable to Forward." *Id.*

On March 24, 2024, Perkins filed an informal complaint (SXI-24-WRI-01822) against the Sussex I Mailroom for interfering with his February 25, 2024 FOIA request. The written complaint included copies of previous correspondence from the attorney to verify the address, which were not attached to the complaint. *Id.* at 129-30. On April 14, 2024, S. Zamora, Sussex I Postal Assistant, responded to the complaint. On April 17, 2024, Perkins filed a regular grievance (SXI-24-REG-01822). *Id.* at 131. On April 19, 2024, Defendant Sherrill refused the grievance stating it was "non-grievable" and also that the filing period had expired. *Id.* On April 23, 2024, Perkins appealed the refusal to Defendant Hudson, Regional Ombudsman. There are no other specific allegations against either Hudson or Sherrill.[9]

However, simply "[r]uling against a prisoner on an administrative complaint does not [automatically] cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *see also Brown v. Va. Dep't of Corr.*, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) ("[T]here is no liability under § 1983 for a prison administrator's response to a grievance or appeal."); *cf. Chamberlain v. Clarke*, 2014 WL 2154183, at *3 (W.D. Va. May 22, 2014) (noting that an inmate's "dissatisfaction with [a prison official's] responses to his grievances is a non-starter"). Moreover, generally, "a supervisor's after-the-fact denial of a grievance falls short of establishing § 1983 liability." *DePaola v. Ray*, 2013 WL4451236, at *8 (W.D. Va. July 22, 2013) (citing *Brooks v. Beard*, 167 F. App'x 923, 925 (3rd Cir. 2006)). Thus, Defendants

---

[9] On September 1, 2024, Perkins sent a third FOIA request to the attorney at the U.S. Department of Education but had not received a response with the requested documents by the time he filed his complaint on January 24, 2025. *Id.* at 132, 237. Perkins does make any allegations against Hudson or Sherrill with regard to this FOIA request.

Hudson and Sherril would not be liable simply because each responded to his grievance or the subsequent appeal complaining about a purported violation of Perkins's rights, and each will be dismissed with respect to this claim. The complaint contains no other allegations regarding conduct in the Eastern District.

In Claim 6, Perkins alleges Defendants Cunningham-Casteel, Hartman, Holmes, Newcomer, Back, Manis, Paderick, Meyer, Conner, Nikstaitis, Arnold, Bates, Ferguson, Pleasants, Parr, Landry, Joyce, Higgins, Holloway, Simmons, Sherrill, Hudson, and Watkins violated his right to equal protection with respect to the correspondence program.[10] Sherrill, Hudson, and Watkins are the only Eastern District defendants listed in Claim 6. Like previous allegations against Watkins, *see supra* at 3-4, Perkins makes no allegation of acts or omission against either Sherrill or Hudson, and they will be dismissed with respect to this claim. Perkins speculates that someone in the mailroom may have interfered with an invoice allegedly sent by the correspondence program on October 11, 2024, but admits that he was in contact, by email, with his correspondence program advisor, and that he received a duplicate invoice on December 11, 2024. Dkt. No. 1 at 221-22. Hence, for this reason as well, Perkins failed to state a claim against either Sherrill or Hudson because he had no injury attributable to them because he received the invoice. *Credle v. Lewis*, 2013 WL 831653, at *6 (E.D.N.C. Mar. 6, 2013) (conclusory assertions "with no supporting facts, no resulting injury," fail to state a claim (citing *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (a minimum level of factual support is required in *pro se* litigation))).

With respect to Watkins, Perkins alleges that he submitted a request to pay the December 11, 2024, invoice on December 19, 2024, and that Watkins refused to approve the withdrawal of the funds. Perkins then concludes that the refusal on December 19, 2024, somehow caused him to

---

[10] Perkins also alleges two unnamed defendant (Gonzales and Bivens) violated his rights.

fail the exam he took on December 13, 2024. Since he failed the exam before Watkins allegedly refused to authorize the withdrawal of funds, he cannot prove the requisite causation necessary to establish a constitutional violation. *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) ("[C]onstitutional torts, like their common law brethren, require a demonstration of both but-for and proximate causation." (citing *Murray v. Earle*, 405 F.3d 278, 289-90 (5th Cir. 2005); *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999))).

Perkins also alleges that Watkins's failure to process the withdrawal resulted in his severance from "enrollment in Ohio University's Associate in Applied Business Program eCampus College Correspondence Course for the Incarcerated." *Id.* at 225. Perkins then, on the same page of his complaint, negates his own claim by admitting that he "remains enrolled in the Program only because he was already enrolled as an Ohio University student." *Id.* Hence, he has suffered no injury. Thus, Defendants Sherrill, Hudson, and Watkins will be dismissed from this claim. The remaining conduct involves actions that occurred in the Western District.

In Claim 7, Perkins alleges Defendants Cunningham-Casteel, Holmes, Hartman, Newcomer, Pleasants, Back, Nikstaitis, Simmons, Ferguson, Burgandine, Manis, Joyce, Higgins, Landry, Arnold, Bates, Paderick, Holloway, Chittum, and Watkins violated his rights by violating Virginia Code § 18.2-500 (deliberate and tortious interference with contracts).[11] Watkins is the only Eastern District defendant named in Claim 7.

Watkins's alleged violation of Code § 18.2-500 is premised on his alleged refusal to process the withdrawal on December 19, 2024. Dkt. No. 1 at 230.

> Under Virginia's business conspiracy statute [Code §§ 18.2-499 and 18.2-500], injured parties can obtain treble damages against "[a]ny two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose

---

[11] Perkins also alleges two unnamed defendant (Gonzales and Canterbury) violated his rights.

8

> of . . . willfully and maliciously *injuring another in his reputation, trade, business or profession* by any means whatever." Va. Code Ann. §§ 18.2-499-.2-500. . . .
>
> . . . . [A]s with common law civil conspiracy, this statute requires proof "that the defendants have combined . . . to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means." *Potomac Valve & Fitting Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1284 (4th Cir. 1987) (internal quotation marks omitted). . . .
>
> . . . . Despite its broad language, it is well-settled that this statute applies only to injuries "*to business and property interests, not to personal or employment interests.*" *Andrews v. Ring*, 266 Va. 311, 585 S.E.2d 780, 784 (Va. 2003).

*Shirvinski v. United States Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012) (emphasis added); *see Mansfield v. Anesthesia Assocs., Ltd.*, No. 1:07cv941, 2008 WL 1924029, at *3 (E.D. Va. Apr. 28, 2008) ("Federal courts in Virginia have consistently held that the statutes [Code §§ 18.2-499 and 18.2-500] are designed to provide relief against "conspiracies resulting in *business-related damages*" and that a cause of action exists "*only when malicious conduct is directed at one's business, not one's person*" (emphasis added) (citation omitted) (quoting *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985))). It is evident that Perkins cannot establish a proper claim under Code § 18.2-500—his injury, if any, does not involve a business or property interest, only, at best, a personal interest. Thus, Watkins will be dismissed as a defendant in Claim 7.

In Claim 8, Perkins alleges Defendants Newcomer, Manis, Graham, Parr, Simmons, Nikstaitis, Ferguson, Arnold, Bates, Burgandine, Joyce, Pleasants, Holloway, Paderick, Meyer, Landry, Higgins, Conner, Hartman, Holmes, Back, Hudson, Sherrill, and Watkins violated Virginia Code § 8.01-195.3 of the Virginia Tort Claims Act ("VTCA"), as enforced by § 1983, by retaliating against him for exercising his right to Free Speech, Due Process, Contracting, and Equal Protection and by derailing Perkins's "efforts to earn a Business Degree via Ohio University eCampus College Correspondence Course Program for the Incarcerate which resulted in [his]

9

subsequent transfer to" Sussex I.[12] The allegations then incorporate Claim 3. Dkt. No. 1 at 232 (citing ¶¶ 924-1256). Claim 8 is obviously duplicative. *Sanaa Lifestyle Inc. v. Singh*, 2020 WL 6776163, at *5 n.7 (E.D. Va. Jan. 6, 2020), *aff'd sub nom. Sanaa Lifestyle Inc. v. Rossi*, 829 F. App'x 612 (4th Cir. 2020) (dismissing constructive fraud claim as duplicative of actual fraud claim after damages were awarded for actual fraud); *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010) ("As a matter of judicial economy, courts should dismiss claims that are duplicative of other claims."); *see also Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board [of Education] and thus should be dismissed as duplicative."). Thus, Claim 8 will be dismissed.

Alternatively, to the extent Perkins is asserting a pendent VTCA claim, his claim must also be dismissed.

> To the extent plaintiff is seeking relief through the Virginia Tort Claims Act ("VTCA") for alleged tortious conduct of the defendants, any such claim is barred by the doctrine of sovereign immunity. Indeed, in enacting the VTCA, the Commonwealth of Virginia allowed itself to be sued for tort claims filed in state courts, but it did not waive its Eleventh Amendment immunity or consent to be sued in federal court. *McConnell v. Adams*, 829 F.2d 1319,1329 (4th Cir. 1987); *Creed v. Virginia*, 596 F. Supp. 2d 930, 938 (E.D. Va. 2009).

*Snodgrass v. Richardson*, 2024 WL 1260571, at *8 (E.D. Va. Mar. 25, 2024); *see also Creed*, 596 F. Supp. 2d at 938 (the VTCA "commits all causes of action brought under it exclusively to the Virginia courts" (citing Va. Code Ann. § 8.01-195.4)).[13]

---

[12] Perkins also alleges four unnamed defendants (Canterbury, Gonzalez, Hernandez, and Bivens) violated his rights.

[13] As in *Snodgrass*, "to the extent plaintiff seeks relief for alleged violations of VDOC policy, there is no constitutional claim available to him." 2024 WL 1260571, at *9; *see also Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) ("[A] state's failure to abide by its own law as to procedural protections is not a federal due process issue." (citing *Riccio v. Cnty. of Fairfax*,

For the reasons stated above, Defendants Flemming, Sherrill, Watkins and Hudson will be dismissed without prejudice, and Perkins will be granted leave to file an amended complaint limited to those four defendants within thirty days. The remainder of the complaint will be transferred to the Western District.

### III. CONCLUSION

Accordingly, it is hereby ORDERED that the Plaintiff's Motion to Submit Pages, Dkt. No. 9, is GRANTED; and it is

FURTHER ORDERED that Defendants Flemming, Sherrill, Watkins and Hudson are DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff file an amended complaint within THIRTY (30) DAYS of the date of this order in accordance with this order. Plaintiff's amended complaint must be limited to the Eastern District Sussex I defendants Flemming, Sherrill, Watkins and Hudson, and it must include, for each claim (i) a short statement of the claim and the facts that describe the specific conduct of each Eastern District Sussex I defendants Flemming, Sherrill, Watkins and Hudson that he alleges violated his constitutional rights; (ii) the facts giving rise to his complaint against that defendant; (iii) the dates of each incident and the persons involved; (iv) those facts or omissions that demonstrate each defendant's knowledge of and involvement in the violation that establishes retaliation as discussed herein; and (v) the remedies sought, and it must cure each deficiency noted herein with regard to each of the Eastern District Sussex I defendants Flemming, Sherrill, Watkins, and Hudson. Plaintiff must include his civil action number, 1:25-cv-295

---

907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue))).

11

(RDA/WEF), on the first page of his amended complaint, and the amended complaint will serve as the sole complaint in this civil action; and it is

FURTHER ORDERED that this action, except for those portions of the complaint that concern Defendants Flemming, Sherrill, Watkins and Hudson, is TRANSFERRED[14] to the United States District Court for the Western District of Virginia; and it is

FURTHER ORDERED that Plaintiff's failure to comply with any part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this Court immediately in the event he is transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of this Court is directed is directed to send a copy of this Order to Plaintiff and to transfer all pleadings filed in this case and a copy of the docket sheet to the Clerk of the Western District of Virginia.

It is SO ORDERED.

/s/ 
Rossie D. Alston, Jr.
United States District Judge

Alexandria, Virginia
February 4, 2026

---

[14] The remaining 23 named defendants being transferred to the Western District are: Gregory Holloway; Carl Manis; C.L. Parr; David A. Newcomer; S.L. Burgandine; T. Back; B. Arnold; S. Bates; Kimora Simmons; C.D. Nikstaitis; Luke Hartman; A. Holmes; L. Cunningham-Casteel; A. Ferguson; Sarah Conner; J. Chittum; Lynn Graham; D.B. Joyce; J.C. Higgins; D.L. Landry; A.W. Pleasants; Thomas Meyer; and K. Paderick.